**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEAN SMITH,**

    **Plaintiff,**

v.                                                            **Case No. 8:06-cv-929-T-TBM**

**MICHAEL J. ASTRUE[1],**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
                                       /

## **O R D E R**

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits. For the reasons set out herein, the decision is affirmed.

### I.

Plaintiff was forty-three years of age at the time of his administrative hearing in October 1999. Plaintiff has a GED and additional technical training in small electronics. His past relevant work was as a subcontractor repairing small electronics, a self-employed owner of an electronics business, an installer for a telephone company, and technician for cable companies. He attempted work as a telephone solicitor as well. Plaintiff applied for disability benefits in October 1998, alleging disability as of October 2, 1991, by reason of severe neck

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

and back pain related to a herniated disc and degenerative disc disease and depression. The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff, at his request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing and testified in his own behalf. In essence, Plaintiff testified that he could no longer work at any job by reason of excruciating pain in his neck that radiates down his left arm, low back pain that radiates down each leg alternately and lack of sleep. Plaintiff testified that he last worked full-time operating his own electronics business but had to give it up in April 1992. More recently, he had attempted to do part-time work as a subcontractor doing electronic repairs two or three hours a day. That work stopped when he attempted to lift a television console and "lost my legs." Plaintiff attributes his problems to a herniated disc at L4-5. He has refused an operation for the condition out of fear that it will not help. He did see a chiropractor regularly for a time, but he no longer receives treatment because of a lack of money and insurance. He uses ibuprofen and extra strength Tylenol, which offer little relief. He indicated that drinking a couple of beers at night helps him sleep and that using the jacuzzi at home helps a little while he is in the water.

Plaintiff claims depression by reason of his pain and his marital circumstances. He is depressed because he can no longer do things that he used to do and enjoy, such as cutting the yard and umpiring baseball games. Plaintiff does occasionally play drums for a band.

According to Plaintiff, he cannot bend and pickup anything weighing more than five pounds, nor can he lift more than ten pounds from the waist up. He estimates that he can stand

for ten to fifteen minutes but then must sit because his left leg starts throbbing. He describes the pain as "red hot" and becomes so bad sometimes that he must lie down. He estimates that he can sit for thirty to forty minutes and that he can walk for one block. Plaintiff cannot bend and touch his toes from his waist, although if he squats, he can touch his knees. On a daily basis, Plaintiff helps his kids with their homework and sees that their chores are done. He cooks nightly and indicates he does some of the cleaning and does his own laundry. He drives twice a day taking his kids to the bus stop and he occasionally drives his son to work. He socializes a little bit. (R. 309-36).

       The ALJ also took testimony from William Harvey, a vocational expert ("VE"). The VE testified on an assumption of a person with Plaintiff's age and education with the functional capacity for lifting twenty pounds occasionally from bench level, ten pounds repeatedly from bench level, with limitations for a sit and stand option at will, who can occasionally stoop, squat, but cannot kneel or crawl; should not reach above his shoulders, only occasionally climb stairs; but never ropes, ladders, or scaffolds; and limited to simple routine repetitive work. On this assumption, the VE testified that such individual could not perform Plaintiff's past relevant work. If the limitation for simple routine work were eliminated, the VE opined that such individual could return to Plaintiff's job as a telephone solicitor. Apart from that job, the VE opined that with these limitations, such individual could perform the work as a cashier II, sandwich maker, arcade attendant, and marker.

       On another hypothetical that assumed the same limitations except a maximum lift of ten pounds from bench level, the VE testified that such person could perform all of these jobs.

Were such work limited to sedentary work, 60% of such jobs would not be available. The Plaintiff's representative asked no questions. (R. 337-39).

At the conclusion of the VE's testimony, the Plaintiff testified that he has earnestly sought work, but as soon as he discloses his back problems, he is told that the jobs were not available. He indicated that compared to the way his condition was four to five years ago, the pain has doubled and is getting worse daily. By Plaintiff's account, he would love to have his business back and to be able to work, but he has lost it all. In conclusion, he assured the ALJ that he was not making up any stories. (R. 339-40).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary. Significant to the decision was Plaintiff's date last insured for benefits, December 31, 1997.

By his decision of November 8, 1999, the ALJ determined that while Plaintiff has severe impairments related to depression, chronic cervical and lumbar strain, degenerative disc disease of the lumbar spine, history of herniated lumbar disc, and history of cervical spondylosis, as of the date he was last insured, December 31, 1997, he could lift and carry no more than twenty pounds, could not sit or stand for prolonged periods, and could not perform tasks requiring overhead reaching. Upon this finding and the testimony of the VE, the ALJ concluded that even with these limitations, Plaintiff could perform such work as a sandwich maker, cashier II, marker, and arcade attendant. Upon this conclusion, the Plaintiff was

determined to be not disabled. (R. 19-30). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

...

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983)

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

III.

The Plaintiff raises five claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The ALJ improperly disregarded Plaintiff's complaints of pain;

(2) The ALJ erred in concluding that Plaintiff's allegations were not totally credible and in failing to evaluate the effects of all Plaintiff's impairments on his ability to work;

      (3) The ALJ posed an incomplete and improper hypothetical to the VE;

      (4) The ALJ erred in failing to consider the side effects of Plaintiff's medications on his ability to work; and

      (5) The ALJ failed to consider whether the Plaintiff met the listing at 1.04C or 12.04.

      By his first and second claims, the Plaintiff generally and summarily alleges that the medical documentation and the Plaintiff's testimony substantiate that he met the three- part "pain standard" and that the ALJ improperly discounted his pain complaints. In this circuit, subjective complaints such as pain, fatigue or dizziness are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)). A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. Id.; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). If the ALJ determines not to credit subjective testimony, he must articulate explicit and adequate reasons for his decision. The failure of the ALJ to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. Id.; Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986).

Insofar as Plaintiff maintains that the ALJ did not follow the applicable standard, the decision reflects otherwise. Indeed, the decision reflects the ALJ's express recognition of the standard under this circuit's case law and the regulations. (R. 23). As noted above, under the "pain standard," when a claimant meets the standard, an ALJ may nonetheless reject or discount complaints of pain upon explicit findings. Here, the decision reflects that the ALJ fairly recounted the Plaintiff's subjective complaints but rejected the testimony to the extent that Plaintiff claimed the symptoms were wholly incapacitating. (R. 21-22). In doing so, the ALJ stated, "The medical evidence of record fails to demonstrate incapacitating, unrelenting pain and other symptoms that precludes all work-related and other activities." (R. 23). As the decision reflects, this conclusion was based on a review of the medical evidence and opinions found therein, as well as the degree of medical treatment required, Plaintiff's assertions concerning his ability to work, and his own description of his activities and life style. Id. When the record is considered in full, the credibility conclusion by the ALJ is supported by substantial evidence and Plaintiff fails to demonstrate otherwise.[2]

As part of the second claim, Plaintiff also argues that the ALJ erred in considering, in combination, the non-exertional impairments of pain, depression, and medication side effects. The Act and pertinent case law require that the ALJ consider each impairment, as well as the combined effect of all a claimant's impairments. 42 U.S.C. § 423(d)(2)(B); Gibson v.

---

[2]Plaintiff's claim for disability is obviously substantially undermined by the opinions of his treating or evaluating doctors who clearly suggest that Plaintiff is capable of some work regardless of his symptoms. His daily activities are relatively robust, and Plaintiff's efforts at working part-time clearly suggest that he is capable of work at a reduced exertional level. On the whole, the record supports the ALJ's conclusion that Plaintiff's symptoms were not wholly incapacitating.

Heckler, 779 F.2d 619, 623 (11th Cir. 1986).  In Bowen v. Heckler, 748 F.2d 629 (11th Cir. 1984), the court held that where a claimant has alleged a multitude of impairments, a claim for benefits may lie even though none of the impairments, when considered individually, is disabling.  In such instances, the ALJ must make specific and well-articulated findings as to the effect of the combination of impairments and whether the combined impairments cause the claimant to be disabled.  Id. at 635; Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987).  Upon my review, this aspect of the claim is not borne out by a fair reading of the record and decision either.

First, the decision clearly reflects that the ALJ credited Plaintiff with a combination of impairments and considered them in that light.  Second, the decision reflects the ALJ's express recognition of the duty to determine whether the Plaintiff suffered "a 'severe' impairment or combination of impairments and the conclusion that he did." See (R. 20). Again, at Step 3 of the evaluation, the ALJ noted that the medical record "[did] not show that the claimant has an impairment or combination of impairments which meet the criteria of any of the listed impairments. . . ." (R. 22).  Thus, the decision more than adequately reflects the ALJ's consideration of the combined effects of Plaintiff's impairments, insofar as they were found to exist. See Jones v. Dep't of H.H.S., 941 F.2d 1529, 1533 (11th Cir. 1991).

Further, as urged by the Commissioner, there is a dearth of evidence of depression, and when the record is read as a whole, the ALJ was more than fair to the Plaintiff in his RFC finding and his consideration of the limiting effects of this complaints.  Concerning the side effects from medication, Plaintiff demonstrates none on this review that should have been

considered by the ALJ.  Plaintiff's only reference to any side effects from medications at the hearing related to something he was taking in or around 1994, which he stopped taking because it made him feel "floaty."  (R. 332).  As noted by the Commissioner, in connection with this application, Plaintiff indicated he only took over-the-counter medications and there were no real side effects from them.  See (R. 101-02).

By his next claim, the Plaintiff criticizes the ALJ's hypothetical question to the VE.  He appears to complain that the ALJ failed to fashion a hypothetical that took into consideration his chronic pain, arthritis, degenerative disc disease, depression, or the fact that because of these impairments the Plaintiff could not sit or stand for prolonged periods.  Plaintiff is correct that case law in this circuit requires that the ALJ employ hypothetical questions that are accurate and supportable on the record and that include all limitations or restrictions of the particular claimant.  Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985).  Again, however, he fails to demonstrate from the record the alleged error.  Under the applicable standard, the ALJ must include all applicable functional limitations in his hypothetical questions.  He need not include limitations not found to exist in the record.  In this case, this ALJ expressly referenced herniation and arthritis in Plaintiff's back and a history of depression as a predicate to his hypothetical.  (R. 337).  Next, he fashioned a hypothetical that I conclude fairly set forth a series of limitations suggested by the medical record for the Plaintiff's physical impairments and resulting pain.  Beyond his unsupported allegation of error, Plaintiff does not demonstrate on this appeal how the hypothetical is deficient to fully

account for all his pain complaints.[3] As it related to Plaintiff's claim that he could not sit or stand for prolonged periods, the hypothetical included a limitations for a sit-stand alternative "at will." (R. 337). As for his alleged depression, I agree with the Commissioner that the ALJ, at all stages of the evaluation, was more than fair with the Plaintiff in addressing his alleged depression. Despite the dearth of evidence to support a severe condition or limitations in connection therewith, the ALJ's hypothetical included a limitation for simple, routine, repetitive work which was more than adequate to account for any functional limitation related to depression. Again, Plaintiff does not demonstrate otherwise on this appeal.

Next, Plaintiff maintains summarily that the ALJ erred in failing to consider the side effects of medications on his ability to work. Again, the court is left to speculate just what side effects Plaintiff is complaining of. As noted above, the only reference to the side effects of medications at the hearing related back to 1994 and concerned a medication(s) that the Plaintiff stopped taking because of the side effects. In connection with this claim, he had no complaints of side effects. This claim is wholly unsupported.

Finally, the Plaintiff urges that by reason of his MRI and notes from Dr. Springstead revealing a herniated disc, the ALJ erred in failing to consider the listing at 1.04C. Further, he summarily argues that the ALJ failed to consider whether the Plaintiff met the listing at 12.04 for affective disorders. He maintains the ALJ did not fully and fairly develop the record

---

[3]The court notes that Plaintiff was represented at the hearing. His representative had every opportunity to alter or supplement the hypothetical questions to the VE but declined to do so.

because he failed to be examined by a consultative mental health professional regarding his depression.

The listing of impairments in the Social Security Regulations identifies impairments that are considered severe enough to prevent a person from engaging in gainful activity. By meeting a listed impairment or otherwise establishing an equivalence, a plaintiff is presumptively determined to be disabled regardless of his age, education, or work experience. An ALJ's sequential evaluation of a claim ends if the claimant can establish the existence of a listed impairment. Edwards v. Heckler, 736 F.2d 625, 628 (11th Cir. 1984). At this stage of the evaluation process, the burden is on the plaintiff to prove that he or she is disabled. Bell v. Bowen, 796 F.2d 1350, 1352 (11th Cir. 1986); Wilkinson v. Bowen, 847 F.2d 660, 663 (11th Cir. 1987). In this circuit, a plaintiff must present specific findings that meet the various tests listed under the applicable listing. Where the plaintiff claims an impairment that equals one of the listed impairments, he must present medical evidence that describes how the impairment has such an equivalency. Bell, 796 F.2d at 1353. Mere diagnosis of a listed impairment is not enough as the record must contain corroborative medical evidence supported by clinical and laboratory findings. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991). To "equal" a listing, "the medical findings must be 'at least equal in severity and duration to the listed findings.'" Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002).

Here, there is no evidence that the ALJ did not consider these two listings at Step 3 of the evaluation process. On the contrary, after recounting the medical history, the ALJ concluded that the record did not show that Plaintiff suffered from an impairment or

combination of impairments which met or equaled *any* of the listed impairments. I read this to indicate that the ALJ did consider the listings. Absent some showing by the Plaintiff to support his summary assertion to the contrary, he is not entitled to relief on this claim. Further, insofar as Plaintiff cites to the listings at 1.04C and 12.04, he makes no effort at demonstrating from the medical record how his condition meets or equals the criteria of either listing. Under the applicable standard, Plaintiff bears the burden of proving up each of the requisite medical findings and he wholly fails to do so on this record. From my review of the medical record, he cannot meet this burden and a remand on the basis of his speculation would serve no useful purpose.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 30th day of July 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record